STATE OF NORTH CAROLINA            IN THE OFFICE OF
                                                                 ADMINISTRATIVE HEARINGS

COUNTY OF WAKE                               25 HRC 00824

| | |
|---|---|
| Charity Mainville<br>    Petitioner,<br><br>v.<br><br>North Carolina Human Relations Commission<br>    Respondent. | **FINAL DECISION GRANTING RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**<br>**&**<br>**DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT and MOTION FOR RECUSAL** |

**THIS MATTER** comes before the Honorable Karlene S. Turrentine, Administrative Law Judge, on consideration of: a) Respondent's Motion to Dismiss, filed March 18, 2025, pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6); (b) Petitioner's Motion for Summary Judgment, filed April 15, 2025; c) Petitioner's Notice of Federal Filing, filed April 24, 2025, and; d) Petitioner's Motion for Recusal, filed May 5, 2025.

After careful review, the Undersigned makes the following:

## **FINDINGS OF FACT**

      1.      On March 6, 2025, Petitioner filed her Petition for Contested Case ("Petition") with the NC Office of Administrative Hearings ("OSH"), alleging the NC Human Relations Commission ("HRC") had "failed to properly investigate [her] housing discrimination complaint…by missing statutory deadlines, excluding key evidence, and accepting late evidence from [her landlord] without allowing [Petitioner] to review or rebut it. [Petitioner further alleged the] HRC failed to apply the correct legal standard to [her] reasonable accommodation request and ignored [her] retaliation claim…[thereby] substantially prejudic[ing her] rights and den[ying] her] due process." Petition, ¶3.

      2.      On March 17, 2025, in response to the Petition, Respondent filed its Document of Agency Action—the certified notice it sent to Petitioner, dated January 28, 2025, which included the HRC's final Determination outlining the allegations of Petitioner's complaint, the landlord's defenses and HRC's findings. The Determination ended with the HRC's conclusion that it had found "**no reasonable grounds** to believe that [Petitioner's landlord had committed] an unlawful discriminatory housing practice [against her]." Document of Agency Action, pp.3, 4-9.

      3.      The Document of Agency Action (or "Right to Sue Letter") set out the evidence and findings of the HRC and, further advised Petitioner she was "entitled to file a civil action on [her] own behalf **in state Superior Court**…within **one (1) year** of the date of issuance of this

Right to Sue letter. You also retain the right to file a civil action in court within **two (2) years** of the last alleged discriminatory act(s) under the federal Fair Housing Act...." *Id.* (some emphasis in original, some added).

4. It is unnecessary to discuss HRC's evidence and findings herein because **Petitioner did not appeal *any* portion of HRC's evidence or findings to OAH**. *See Finding of Fact* ("FOF") #9 below.

5. On March 18, 2025, Respondent filed its Motion to Dismiss ("MTD"), asserting the Petition should be dismissed pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) because Respondent is entitled to sovereign immunity and, Petitioner has neither alleged a waiver thereof nor has the State so waived. Respondent argues: "As a subdivision of a state agency, the NCHRC is protected by sovereign immunity. ... 'It has long been established that an action cannot be maintained against the State of North Carolina *or an agency thereof* unless it consents to be sued or upon its waiver of immunity, and that this immunity is absolute and unqualified.' *Guthrie v. N.C. State Ports Auth.*, 307 N.C. 522, 534, 299 S.E.2d 618, 625 (1983)." MTD, p.3. As such, Respondent asserts Petitioner failed to state a claim upon which relief may be granted.

6. Soon after, consistent with 26 NCAC 03 .0115, the Tribunal issued an Order for Petitioner to Respond to Respondent's Motion to Dismiss on or before March 28, 2025, by 5:00 p.m.

7. Petitioner filed a Response to the MTD on March 20, 2025, along with a Motion to Disqualify the NC Department of Justice from representing Respondent as counsel.

8. In her Prehearing Statement ("PHS"), filed March 21, 2024, Petitioner *attempted* to expand her complaint[1] by alleging that the HRC was obligated but failed to ensure the same protections as those afforded by the federal Fair Housing Act as applied to her and thereby failed to "maintain the federal equivalency required" for HUD funding. Pet. Response to MTD, p.1.

9. Moreover, in her PHS, Petitioner further confirms that she "**does not seek review of the merits of the housing discrimination claim itself**, but rather whether the Commission's investigative process violated procedural due process, applicable statutes, and federal standards incorporated by reference under state law. [Petitioner asserts that s]uch questions of agency misconduct, due process violations, and improper administration of a federal law by a state agency are properly before the OAH." Pet. Response to MTD, p.2 (emphasis added).

10. On April 1, 2025, Respondent filed its verified Response to Petitioner's Motion to Disqualify NCDOJ, with the Affidavit of Clint Minatee.

11. Also on April 1, 2025, Petitioner filed a Motion to Strike Respondent's Response and Mr. Minatee's affidavit.

---

[1] It is noted that a Petitioner's prehearing statement is *not* part of the complaint—unless filed as part of an Amended Petition. Petitioner failed to do so.

2

Ex. A

12. On April 2, 2025, the Tribunal issued its Order Denying Petitioner's Motions to Disqualify the NC DOJ as Attorneys for Respondent and to Strike Clint Minatee's Affidavit. The Tribunal further issued a Notice of Hearing on Respondent's Motion to Dismiss.

13. On April 3, 2025, Petitioner filed a Motion to Reconsider and Objection to Further Hearing. Pursuant to 26 NCAC 03 .0115 (a), as the nonmoving party, Respondent had ten (10) days to file a written response to Petitioner's Motion.

14. However, on April 10, 2024, Petitioner filed a "Notice Regarding Unreasonable Delay in Ruling and Request for Immediate Action." Therein, Petitioner erroneously asserts "the Tribunal's refusal to rule—despite having ample opportunity—now functions as a **de facto denial of due process**…." *Id.* at p.2 (emphasis in original).

15. Later that same day, the Tribunal issued its Order Denying Petitioner's Motion for Reconsideration & Granting Petitioner's Motion to Cancel the April 16, 2025 Hearing on Respondent's Motion to Dismiss. That Order further advised the Parties the Tribunal would issue a final decision in the matter—as requested by Petitioner—within forty-five (45) days of the Order.

16. On April 15, 2025, Petitioner filed a Motion for Summary Judgment with some ninety (90) pages of documentation—emails and such—regarding her underlying housing issue—the very issue she did not (and could not) appeal here before OAH.

17. On April 24, 2025, again asserting the Tribunal was not responding soon enough to her filings, Petitioner filed a document she entitled "Notice of Federal Filing and Procedural Delay." Therein, Petitioner alleged "she filed a federal complaint in the United States District Court asserting claims related to housing discrimination and ongoing retaliation—arising in part from the same facts the NCHRC failed to address." *Id.* p.1. Petitioner did not attach a copy of her filing or give the Tribunal any indication of the content of her filing but stated: "This filing does not override the Tribunal's jurisdiction, but underscores the urgency of ruling before the [] HRC's procedurally defective Determination continues to harm Petitioner in parallel proceedings." *Id.*

18. On May 5, 2025, Petitioner filed a Motion to Compel Entry of Order or, in the alternative, Motion for Recusal in which Petitioner misguidedly asserts that twenty (20) days had passed without the Tribunal addressing her Motion for Summary Judgment "without explanation or procedural justification…raising concerns about potential punitive delay and the appearance of partiality." Recusal motion, ¶1.

19. The Tribunal takes Official Notice of the following:

a) On July 22, 2024, Petitioner filed a civil Complaint for monies owed against her landlord in Wake County small claims court, in which she alleged the landlord had engaged in unfair and deceptive trade practices against her. *See* Wake Co. File No.: 24CV022933-910.

3

Ex. A

b) On August 21, 2024, Petitioner filed an Amended Complaint adding allegations of breach of contract and violation of implied warranty of habitability and covenant of quiet enjoyment—and outlining many (if not all) of the allegations she submitted to HRC to investigate.

c) On August 26, 2024, the Magistrate entered Judgment Against Petitioner finding she failed to prove her case by the greater weight of the evidence and taxing Petitioner with the costs thereof.

d) On September 3, 2024, Petitioner appealed the small claims judgment to District Court.

e) On December 16, 2024, Petitioner filed an Amended Complaint (apparently without leave of court) and added defamation as a claim against the landlord.

f) On February 10, 2025, Petitioner filed a "Notice of Appeal to the NC Court of Appeals ("COA") from Interlocutory Orders" entered by the District Court.

g) On February 13, 2025, by unanimous vote, the COA denied Petitioner's writ of supersedeas and motion for temporary stay. *See* COA P25-113.

h) On March 6, 2025, Petitioner filed the Petition at issue before this Tribunal.

i) On March 11, 2025, by unanimous vote, the COA denied Petitioner's motion for sanctions.

j) On April 22, 2025, Petitioner filed a Complaint for Violation of Civil Rights with the United States District Court for the Middle District of North Carolina, Case #: 1:25-cv-00302-WO-LPA. Therein, Petitioner submits her landlord/tenant claim just as, presumably, she had to the HRC for investigation. Petitioner further alleges HRC "mishandled" her complaint before it. Petitioner further requested a temporary injunction against her landlord. The federal court denied the motion, determining (in part) that Petitioner had not shown she was likely to succeed on the merits. *Id.* at document 8, p.7.

k) On April 30, 2025, Petitioner filed a Motion to Recuse the federal district court judge from her matter. *Id.* at document 10.

l) On May 2, 2025, by unanimous vote, the COA denied Petitioner's motion for writ of prohibition and also denied Petitioner's motion for *en banc* rehearing.

m) Additionally on May 2, 2025, Petitioner filed a Motion to Strike or, in the alternative, Motion for Sanctions (against the landlord) with the NC Supreme Court.

n) On May 5, 2025, Petitioner filed a Motion to Recuse the Undersigned in the matter at bar.

4

Case 1:25-cv-00417-WO-LPA   Document 10-1   Filed 06/06/25   Page 4 of 9

o) As of May 12, 2025, Petitioner has continued to file various non-pleading documents in the Wake County District Court case as well as with the Court of Appeals.

p) On May 15, 2025, Petitioner filed another Complaint for Violation of Civil Rights in the United States District Court for the Eastern District of North Carolina, Case #: 5:25-cv-00260-D-KS. In that Complaint, Petitioner names as defendants: Court of Appeals' Clerk, Eugene Soar; the landlord's attorney, David Yopp; Wake County Chief District Court Judge Margaret Eagles and Wake County District Court Judge Christine Walczyk. Petitioner alleges these individuals—acting in their individual and official capacities—have violated her First Amendment right to petition and Fourteenth Amendment right to due process, access to the courts and equal protection under the law. *Id.* at document 1.

20. Thus, based on FOF #19 above, Petitioner has matters currently pending in six (6) different venues, including this Tribunal, all involving—in some form or fashion—her complaints against her landlord.[2]

**BASED ON** the foregoing Findings of Fact, the Undersigned makes the following

## CONCLUSIONS OF LAW

**Petitioner's Motion for Recusal ("Recusal motion")**

1. It has long been settled that:

"'When a party requests . . . recusal by the trial court, **the party must demonstrate objectively that grounds for disqualification actually exist**. **The requesting party has the burden of showing through substantial evidence** that the judge has such a personal bias, prejudice or interest that he would be unable to rule impartially. If there is sufficient force to the allegations contained in a recusal motion to proceed to find facts, or if a reasonable man knowing all of the circumstances would have doubts about the judge's ability to rule on the motion to recuse in an impartial manner, the trial judge should either recuse himself or refer the recusal motion to another judge.' *In re Faircloth*, 153 N.C. App. 565, 570, 571 S.E.2d 65, 69 (2002)."

*Zak v. Sweatt,* 269 N.C. App. 679, 837 S.E.2d 480 (2020)(emphasis added).

2. In the case at bar, Petitioner asserts that the Undersigned has taken more than 20 days to rule on one of her motions but ruled on an earlier motion "within 24 hours." Recusal motion, ¶1. She attributes the Tribunal's issuance of its last order to her having "filed a notice of delay and procedural concerns" just a few hours prior and erroneously assumes "[t]his delay

---

[2] Although as noted above in FOFs #4 and 9, Petitioner did not take exception to any of HRC's findings or conclusions—regarding the landlord—before this Tribunal, she attempts to create a claim against HRC regarding its investigation into her landlord/tenant issue.

Ex. A

notably followed a departure from prior case management practices...." *Id.* Petitioner further asserts that the Tribunal "grant[ed]...a discretionary 45-day extension after [she] objected to an improper hearing[ which...] substantially prejudiced [her]." Recusal motion, ¶2.

      3.      However, Petitioner is devoid of understanding of the judicial process and this Tribunal's case management practices. The Tribunal has every prerogative to set for hearing *any* motion it deems appropriate and necessary to clarify and/or complete the record. Thus, Petitioner's assertion that the Tribunal noticed an "improper hearing" is false. Additionally, no "45-day extension" was granted as no motion therefore was filed. Instead, the language informed the Parties exactly *when* the Tribunal's Final Decision would be issued.

      4.      Based on her proclivity to request recusal of judges that rule against her—or, as in the present case, a judge who does not rule immediately upon her demand—as well as her filing of the federal lawsuit against State officials doing their jobs but not coming to the conclusion she desires (*see both of Petitioner's federal filings referenced in FOF #18(j) and (p) above*), it appears Petitioner is not seeking due process but is trying to make the law bend to her will alone.

      5.      Petitioner has failed to meet her burden of showing by substantial evidence that the Undersigned is biased against her or unable to rule impartially.

### Respondent's 12(b)(6) Motion to Dismiss

      6.      A motion to dismiss tests the legal sufficiency of the complaint. Thus, where "the complaint affirmatively disclose[s] that the plaintiff had no cause of action against the defendant[...and...] no amendment could supply the deficiency, and the action [is properly] dismissed." *Sutton v. Duke*, 277 N.C. 94, 106, 176 S.E.2d 161, 168 (1970).

> "Dismissal of an action under Rule 12(b)(6) is appropriate when the complaint 'fail[s] to state a claim upon which relief can be granted.' N.C.G.S. § 1A-1, Rule 12(b)(6) (2013). '[T]he well-pleaded material allegations of the complaint are taken as true; but conclusions of law or unwarranted deductions of fact are not admitted.' *Sutton v. Duke*, 277 N.C. 94, 98, 176 S.E.2d 161, 163 (1970)(quoting 2A James Wm. Moore et al., *Moore's Federal Practice* P 12.08 (2d ed. 1968)). When the complaint on its face reveals that no law supports the claim, reveals an absence of facts sufficient to make a valid claim, or discloses facts that necessarily defeat the claim, dismissal is proper.

*Arnesen v. Rivers Edge Golf Club & Plantation, Inc.*, 368 N.C. 440, 448, 781 S.E.2d 1, 7-8 (2015).

      7.      Petitioner has piecemealed her grievances against her landlord across five (5) judicial venues along with this Tribunal—mostly because she simply does not like the rulings she has received therefrom.

      8.      In the case at bar, Petitioner continued to file documents that do not come within the Rules 7 pleadings allowed. N.C.G.S. 1A-1, Rule 7. In doing so, she has wasted the time and

6

Case 1:25-cv-00417-WO-LPA    Document 10-1    Filed 06/06/25    Page 6 of 9

Ex. A

resources of the court system and this Tribunal. Moreover, Petitioner's consistent demand for action on her motions by the Tribunal are unreasonable and harassing, in violation of N.C.G.S. § 1A-1, Rule 11.

9. Petitioner received a Right to Sue letter from Respondent advising her exactly how and when she would need to file for judicial review of the agency's action—specifically, by filing in the Superior Court.[3] Petitioner ignored those instructions and filed the present contested case.

10. Nevertheless, looking to the factual allegations of the Petition and taking them as true, the Tribunal cannot accept Petitioner's misguided and erroneous legal conclusions as correct. Petitioner's allegations are all regarding procedural violations—none of which would have changed the outcome of HRC's determination had they not occurred. Therefore, Petitioner has failed to show harm therefrom.

11. Petitioner has not argued that Respondent waived its sovereign immunity. Moreover, Petitioner has failed to identify *any* statute or regulation which grants her a right to sue the HRC for improper investigation. Respondent is correct that, as an agent of the State, it has sovereign immunity unless waived or consented to. "'…Sovereign immunity protects the State and its agencies from suit absent waiver or consent' and [Respondent-HRC] is an agency of the State' that 'can claim the protection of sovereign immunity.'" *Dieckhaus v. Bd. of Governors of the Univ. of N.C.*, 287 N.C. App. 396, 404, 883 S.E.2d 106, 114 (2023).

12. Respondent does not consent to be sued for improper investigation and Respondent has not waived its sovereign immunity.

13. As such, Petitioner has failed to state a claim upon which relief can be granted.

### Petitioner's Motion for Summary Judgment ("Pet. SJM")

14. Petitioner is misguided in asserting that there are no genuine issues of material fact in this case—one need only look to the Petition and Respondent's Determination notice attached to the Right to Sue Letter to see that the Parties are worlds apart from agreement on the facts. Thus, summary judgment is inappropriate in this matter and Pet. SJM must be denied.

### FINAL DECISION

**IT IS THEREFORE ORDERED, ADJUDGED & DECREED** that:

1. Petitioner's Motion for Recusal of the Undersigned is **DENIED**.

2. Petitioner's Motion for Summary Judgment is **DENIED.**

---

[3] Interestingly, the one place Petitioner could properly raise her cause of action is the one place she did not file.

Case 1:25-cv-00417-WO-LPA    Document 10-1    Filed 06/06/25    Page 7 of 9

Ex. A

3. Respondent's Motion to Dismiss the Petition is hereby **GRANTED**. The Petition for Contested Case in this matter is hereby **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted, pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6).

### NOTICE OF APPEAL

This is a Final Decision issued under the authority of N.C. Gen. Stat. § 150B-34. Under the provisions of N.C. Gen Stat. § 150B-45, any party wishing to appeal this Final Decision must file a Petition for Judicial Review in the Superior Court of the county where the person aggrieved resides, or in the case of a person residing outside the State, the county where the contested case which resulted in the Final Decision was filed.

**The appealing party must file the Petition for Judicial Review within 30 days after being served with a written copy of this Final Decision.** This Final Decision was served on the parties as indicated by the attached Certificate of Service pursuant to 26 N.C. Admin. Code 03.0102, and the Rules of Civil Procedure, N.C. Gen. Stat § 1A-1, Article 2.

N.C. Gen. Stat. § 150B-46 describes the contents of the Petition for Judicial Review and requires service of that Petition on all parties. Under N.C. Gen. Stat. § 150B-47, the Office of Administrative Hearings is required to file the Official Record in the contested case with the Clerk of Superior Court within 30 days of receipt of the Petition for Judicial Review. **The appealing party must send a copy of the Petition for Judicial Review to the Office of Administrative Hearings at the time the appeal is filed.**

**SO ORDERED**, this the 23rd day of May, 2025.

Hon. Karlene S. Turrentine
Administrative Law Judge

8

Ex. A

## **CERTIFICATE OF SERVICE**

The undersigned certifies that, on the date shown below, the Office of Administrative Hearings sent the foregoing document to the persons named below at the addresses shown below, by electronic service as defined in 26 N.C. Admin. Code 03 .0501(4), or by placing a copy thereof, enclosed in a wrapper addressed to the person to be served, into the custody of the North Carolina Mail Service Center which will subsequently place the foregoing document into an official depository of the United States Postal Service.

Charity Mainville
camainville@gmail.com
    Petitioner

Joseph Finarelli
NC Department of Justice
jfinarelli@ncdoj.gov
    Attorney For Respondent

This the 23rd day of May, 2025.

*Chesseley A. Robinson III*

Chesseley A Robinson
Law Clerk
N. C. Office of Administrative Hearings
1711 New Hope Church Road
Raleigh, NC 27609-6285
Phone: 984-236-1850