

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:25-cv-417

Charity Mainville,

    Plaintiff,

v.

Eugene Soar, David Yopp, Margaret Eagles, Christine Walczyk, Vartan Davidian III, John Does 1-3,

    Defendants

**RULE 72(a) OBJECTION TO TEXT ORDER DENYING CM/ECF ACCESS AND NOTICE OF RETALIATORY ADJUDICATION BY CONFLICTED MAGISTRATE**

    Pursuant to Fed. R. Civ. P. 72(a), Plaintiff Charity Mainville respectfully objects to the June 6, 2025 Text Order (Doc. 6) entered by Magistrate Judge L. Patrick Auld, denying Plaintiff's Motion for Authorization to File Electronically (Doc. 5). The denial was issued without legal analysis, based solely on denials issued in a separate, unrelated case (1:25-cv-00302), and despite the fact that Plaintiff's motion in this action raised independent facts, was properly titled and filed, and included a direct request for ADA accommodation under federal law.

    Magistrate Auld's reliance on his own prior denials in a separate case is not a legal justification—it is a retaliatory pattern. Worse, it was issued while a recusal motion and a Rule 72 objection remain pending against Magistrate Auld in the related case. Plaintiff had also formally objected to his involvement in this action via a signed notice she was in the process of physically delivering to the Court at the time the ruling was issued. Magistrate Auld would have known this had Plaintiff been granted electronic

1

filing access—underscoring the very harm and structural disadvantage she sought to remedy through her motion.

Due to lack of CM/ECF access, Plaintiff was forced to take time off work, was en route to the courthouse when she was forced to turn back home upon receiving the denial, discover her printer was out of ink, and then detour to a business center to finalize this objection—further demonstrating the ongoing harm caused by the Court's refusal to accommodate her filing needs.

This ruling was:

1. Issued by a judicial officer currently subject to a recusal motion in a related matter;
2. Based solely on unrelated text orders, without independent review of the current record;
3. Rendered while Plaintiff was actively attempting to preserve her objection to his assignment;
4. In conflict with Local Rule 5.3(c)(2), which provides that a pro se party may register for CM/ECF access upon approval of the assigned judge, not the magistrate—and does not require any "proper showing" or impose qualifications as a condition for approval;
5. Retaliatory in nature, designed to dissuade protected access to judicial process under the First, Fourteenth, and ADA frameworks.

Plaintiff reiterates that she has now faced denial of CM/ECF access in both cases—without lawful basis, without a referral order from the District Judge, and despite demonstrated procedural diligence. The result has been over $150 in courier and filing expenses, multiple work absences, and continued emotional and logistical harm. This is not a discretionary inconvenience; it is a constitutional violation in progress.

**WHEREFORE,** Plaintiff respectfully requests that the District Judge:

1. Vacate the June 6, 2025 denial (Doc. 6);

2. Rule on the CM/ECF motion directly;

3. Grant such further relief as justice requires.

Respectfully submitted this the 6th day of June, 2025.

/s/ Charity Mainville
Charity Mainville
Plaintiff, Pro Se
2025 Watchorn St, Apt 504
Durham, NC 27703
(608) 215-6654
camainville@gmail.com

3

Case 1:25-cv-00417-WO-LPA    Document 11    Filed 06/06/25    Page 3 of 3