Exhibit B

NORTH CAROLINA COURT OF APPEALS

*********************************************

| | |
|---|---|
| CHARITY MAINVILLE,<br>Plaintiff–Appellant<br><br>v.<br><br>ANNA DE SANTIS and<br>DE SANTIS RENTALS, LLC,<br>Defendants–Appellees | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **FROM WAKE COUNTY**<br>)   **24-CV-022933-910**<br>)<br>)<br>)<br>)<br>)<br>) |

*********************************************

**NOTICE OF RETALIATORY FEE IMPOSITION, IMPROPER COST ASSESSMENT, AND LACK OF JUDICIAL TRANSPARENCY**

*********************************************

NOW COMES Plaintiff-Appellant Charity Mainville, pro se, and gives notice to the Court as follows:

1. On June 4, 2025, Plaintiff paid a $10.00 docketing fee in person at the Clerk's Office, despite having already paid the $250 appeal bond required by N.C. R. App. P. 6 and 12.

①

8. The timing and method of the docket fee demand, delayed acknowledgment, and sudden invoice—with an unprecedented 10-day dismissal threat—raise strong inferences of retaliation and demonstrate ongoing irregularities tied to the exact conduct challenged in federal court. These concerns are heightened given that printing of the record is not consistently done on the day of payment, and the rules clearly state: "The clerk will reproduce and distribute copies of the printed record on appeal as directed by the court, billing the parties pursuant to these rules." Yet no court order was issued directing such printing, nor was any logical reasoning provided for why the record would be printed when Clerk Soar is aware of a pending injunction request. Notably, the record on appeal was only filed due to deadline requirements after having been previously rejected twice by Clerk Soar without proper authorization.

9. At this time, Plaintiff respectfully demands that no further costs, invoices, or threats of dismissal be issued in this matter unless expressly authorized by a governing rule or a judicial order signed by a named appellate judge and until the federal injunction request is properly determined.

10. Any further financial enforcement or dismissal threats absent judicial transparency will be cited in federal proceedings as further evidence of retaliatory conduct under color of state law.

This notice is submitted solely to preserve the record and provide formal notice of prejudicial and retaliatory administrative activity in a pending federal matter.

(3)

ex. B

This the 10th day of June, 2025.

                                                                  */s/ Charity Mainville*
                                                                         Charity Mainville
                                                       Plaintiff–Appellant, Pro Se
                                                       2025 Watchorn St, Apt 504
                                                           Durham, NC 27703
                                                                 (608) 215-6654
                                                          camainville@gmail.com

Ex. B

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this NOTICE OF RETALIATORY FEE IMPOSITION, IMPROPER COST ASSESSMENT, AND LACK OF JUDICIAL TRANSPARENCY was also served on David Yopp via email to dmyopp@hatchlittlebunn.com.

This the 10th day of June, 2025.

_____
Charity Mainville
Plaintiff-Appellant, Pro Se
2025 Watchorn St, Apt 504
Durham, NC 27703
(608) 215-6654
camainville@gmail.com

(5)