# Media Inquiry

6 messages

**Charity Mainville** <camainville@gmail.com>                    Tue, Jun 10, 2025 at 9:49 AM
To: media@nccourts.org
Bcc: 44839267@bcc.hubspot.com

Dear

My name is Charity Mainville, and I am the founder of Ville Media. I am submitting this as a formal media inquiry—not a public records request. I have worked in media since 2010, published articles across various platforms, and served as Publisher of a city lifestyle publication in Seattle, WA for four years. I am currently covering judicial accountability and due process violations in North Carolina through my blog (Lessons of Charity) and YouTube channel (@lessonsofcharity), where my next segment is scheduled for Friday, June 13, 2025. This segment will focus on case precedent and authority in the NC Court of Appeals.

I am requesting the names of the judges who ruled on the following closed appellate orders in Court of Appeals Case No. P25-113:

- ORDER dated 04-10-2025 for Motion General
- ORDER dated 04-10-2025 for Motion General
- ORDER dated 04-11-2025 for Motion General
- ORDER dated 04-17-2025 for Petition for Writ of Prohibition
- ORDER dated 04-17-2025 for Motion General
- ORDER dated 05-05-2025 for Motion General
- ORDER dated 05-12-2025 for Motion General
- ORDER dated 05-12-2025 for Motion General
- ORDER dated 05-14-2025 for Motion General

This request concerns public-facing judicial actions—not internal deliberations or protected personnel matters. The names of judicial officers who enter final rulings are not exempt under N.C. Gen. Stat. § 132-1 et seq. or any judicial exemption doctrine. As confirmed in *News & Observer Publ'g Co. v. Poole*, 330 N.C. 465, 484, 412 S.E.2d 7, 18 (1992), the public has a constitutional and statutory right to know who issued judicial decisions, particularly in matters involving civil rights and due process. This information has also been given numerous times in other publications across North Carolina. I am not looking for commentary as the Court of Appeals has already done so.

As the designated authority for all media requests concerning the North Carolina Judicial Branch, your office is responsible for responding to this inquiry. Any attempt to deflect responsibility by stating I must contact the Court of Appeals directly would require the production of a formal order or directive showing that such media inquiries are not handled by your office. In the absence of such authority, refusal to disclose the requested information will be treated as a violation of established public access rights.

If you continue to deny access without a legal basis, it may further support a federal § 1983 action for denial of First Amendment press access, Fourteenth Amendment due process violations, and retaliation under the ADA (42 U.S.C. § 12132).

Please confirm receipt and respond by Thursday, June 12, 2025, to meet my editorial deadline.

Thank you,

**Charity Mainville**
c: 608.215.6654



(1)

receive this in error, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this message in error, please notify the sender by telephone immediately and return the original message to us at the e-mail address. Thank you.

EX. D

---

**NCAOC Communications Office** <CommunicationsOffice@nccourts.org>
To: Charity Mainville <camainville@gmail.com>

Tue, Jun 10, 2025 at 3:27 PM

Thank you for the email. You can access that information at the following site: https://www.ncappellatecourts.org/

**From:** Charity Mainville <camainville@gmail.com>
**Sent:** Tuesday, June 10, 2025 9:49 AM
**To:** Media <Media@nccourts.org>
**Subject:** Media Inquiry

---

Some people who received this message don't often get email from camainville@gmail.com. Learn why this is important

**CAUTION: External email. Do not click links or open attachments unless verified. Report suspicious emails with the Report Message button located on your Outlook menu bar on the Home tab.**

[Quoted text hidden]
E-mail correspondence to and from this address may be subject to the
North Carolina public records laws and if so, may be disclosed.

---

**Charity Mainville** <camainville@gmail.com>
To: NCAOC Communications Office <CommunicationsOffice@nccourts.org>
Bcc: 44839267@bcc.hubspot.com

Tue, Jun 10, 2025 at 4:30 PM

Thank you for your reply. However, the site you provided does **not** contain the information I requested. Specifically, I am seeking the **names of the judges** who ruled on the following orders in **COA Case No. P25-113**:

- ORDER dated 04/10/2025 (Motion – General)

- ORDER dated 04/11/2025 (Motion – General)

- ORDER dated 04/17/2025 (Petition for Writ of Prohibition)

- ORDER dated 04/17/2025 (Motion – General)

- ORDER dated 05/05/2025 (Motion – General)

- ORDER dated 05/12/2025 (Motion – General) – two separate entries

- ORDER dated 05/14/2025 (Motion – General)

These are **non-opinion, writ docket orders**—no judicial panel or individual judge names appear on the public docket or attached PDFs. This request remains a **formal media inquiry** regarding a closed matter and concerns judicial transparency, not deliberative content or exempt personnel records.

Under *News & Observer Publ'g Co. v. Poole*, 330 N.C. 465, 412 S.E.2d 7 (1992), and N.C. Gen. Stat. § 132-1 et seq., judicial identities on entered orders are **presumptively public**. If your office refuses to disclose the requested names,



Please respond by **Thursday, June 12**, to meet our publication deadline.          Ex. D
Thank you,

--

## Charity Mainville
c: 608.215.6654



lessonsofcharity.com

The information in this e-mail message is privileged and confidential. It is intended only for the use of the recipient named above. If you receive this in error, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this message in error, please notify the sender by telephone immediately and return the original message to us at the e-mail address. Thank you.

[Quoted text hidden]
> [Quoted text hidden]
> E-mail correspondence to and from this address may be subject to the
> North Carolina public records laws and if so, may be disclosed.

---

**NCAOC Communications Office** <CommunicationsOffice@nccourts.org>                Wed, Jun 11, 2025 at 12:33 PM
To: Charity Mainville <camainville@gmail.com>

Thanks for the email. The Court of Appeals has a policy of releasing information on judicial panels on a 90-day delay. Once that information is available, it will be posted here: https://appellate.nccourts.org/orders.php?court=2&docket=P25-113&title=&submit=Search

**From:** Charity Mainville <camainville@gmail.com>
**Sent:** Tuesday, June 10, 2025 4:30 PM
**To:** NCAOC Communications Office <CommunicationsOffice@nccourts.org>
**Subject:** Re: Media Inquiry

You don't often get email from camainville@gmail.com. Learn why this is important

[Quoted text hidden]
[Quoted text hidden]

---

**Charity Mainville** <camainville@gmail.com>                                      Wed, Jun 11, 2025 at 12:49 PM
To: NCAOC Communications Office <CommunicationsOffice@nccourts.org>
Bcc: 44839267@bcc.hubspot.com



The site linked does not list judge names for motion rulings, including those entered under the writ docket in COA Case No. P25-113. The orders at issue are not published opinions and contain no judicial identification, either in the PDF documents or in the docket metadata. As such, the link does not satisfy my inquiry.

Moreover, the purported "90-day delay" policy has no published legal basis under N.C. Gen. Stat. § 132-1 et seq. or the North Carolina Rules of Appellate Procedure. Judicial identities in signed or entered court orders are not exempt from disclosure and are presumptively public under News & Observer Publ'g Co. v. Poole, 330 N.C. 465, 484, 412 S.E.2d 7, 18 (1992).

Further, this purported policy is inconsistently applied. On or around March 15, 2025, the Court publicly disclosed the panel in COA25-181, a high-profile election appeal involving Jefferson Griffin and Justice Allison Riggs. As reported by *The News & Observer*, the Court disclosed both the judges' names and their political affiliations in advance of the March 21 hearing. This proves the policy isn't enforced.

This remains a formal media request under First Amendment protections and N.C. public access law. If you continue to withhold this information, you are required to provide:

- The specific legal authority—statutory or rule-based—for the 90-day policy, and
- Your full name, as the public official responsible for this denial, which will be documented as part of a broader civil rights investigation under 42 U.S.C. § 1983.

Please respond by Thursday, June 12 with the names on the judicial orders only as requested, or the denial or further deflection will be publicly reported and formally preserved in litigation records.

Thank you,

**Charity Mainville**
c: 608.215.6654

lessonsofcharity.com

The information in this e-mail message is privileged and confidential. It is intended only for the use of the recipient named above. If you receive this in error, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this message in error, please notify the sender by telephone immediately and return the original message to us at the e-mail address. Thank you.

[Quoted text hidden]

---

**Charity Mainville** <camainville@gmail.com>                    Thu, Jun 12, 2025 at 2:14 PM
To: NCAOC Communications Office <CommunicationsOffice@nccourts.org>
Cc: sharon.e.galdwell@nccourts.org
Bcc: 44839267@bcc.hubspot.com

Hello,

I am following up on this media inquiry one final time. As the request has already received two responses without resolution or identification, I am concluding that no further time is needed to fulfill it as it has been recognized.

If no further reply is received and no individual identifies themselves as the author of the denial, I will attribute authorship to Sharon Gladwell, who is publicly listed as Communications Director for the North Carolina Judicial Branch and the designated official for all court-related media inquiries. She is copied on this email to ensure she is properly notified.

As a reminder, this request concerns judicial names in non-exempt, closed appellate orders. Failure to provide the information or identify the decisionmaker constitutes a violation of *News & Observer Publ'g Co. v. Poole, 330 N.C. 465* (1992), N.C. Gen. Stat. § 132-6.2(b), and press access protections under the First Amendment. This failure will be



Thank you,

**Charity Mainville**
c: 608.215.6654



lessonsofcharity.com

The information in this e-mail message is privileged and confidential. It is intended only for the use of the recipient named above. If you receive this in error, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this message in error, please notify the sender by telephone immediately and return the original message to us at the e-mail address. Thank you.

[Quoted text hidden]

Ex. D

⑤